**TINKOFF v. RYAN, Superintendent U. S. Detention Farm, Milan, Mich.**

No. 8239.

District Court, E. D. Michigan, S. D.

Nov. 8, 1937.

Paysoff Tinkoff, in pro. per.

John C. Lehr, U. S. Atty., and Thomas P. Thornton, Asst. U. S. Atty., both of Detroit, Mich., and Carl R. Perkins, Sp. Asst. to Atty. Gen., for respondent.

TUTTLE, District Judge.

Without attempting to review the voluminous litigation which has intervened since the day of sentence and the present time, it is sufficient for my disposition of the case to simply say that the petitioner is now serving an 18 months' sentence in the United States Detention Farm at Milan, Mich., under a sentence imposed by the District Court of the Northern District of Illinois on July 30, 1934, for the offense of conspiracy to defraud the government out of a federal tax. The real claim of the petitioner is that he is entitled to 6 days' good time for each one of the 18 months of his sentence, and that, computing the 108 days of good time, he should be released on November 10, 1937, and that the respondent, who is the superintendent of the United States Detention Farm at Milan, Mich., is planning to detain and hold the petitioner in prison until November 13, 1937. The petitioner alleges three separate and distinct reasons why the ultimate date of the expiration of his sentence should be shortened 1 day, and, adding the three together, claims the discrepancy of three days. It should be noted that he concedes that he should be imprisoned until November 10, 1937, even if he is given the full allowance of 6 days for each one of the 18 months. In other words, he is asking this court to determine, during the time he is serving his sentence, and before it has expired even with full allowance for good time, that he will be entitled to the maximum amount of good time at the expiration of his sentence. The question of the allowance of good time is one for the Attorney General, acting upon the advice of the superintendent of the United States Detention Farm at Milan, and is not a question for this court. The amount of good time to be allowed cannot now be determined by any one. I am dictating this opinion on November 8, 1937. The petitioner concedes that he should be de-

tained until November 10, 1937. He might commit some offense tomorrow, or violate some regulation tomorrow, which would deprive him of his good time. Having in mind the fact that the time in dispute is only 3 days, it is such a short period that prior to the time when he claims he should be released his conduct might be such that he should not be released even on November 13, 1937.

Solely on the ground that this court cannot, pending the service of the sentence, determine how much good time the petitioner will be entitled to receive when his sentence has been completed, the petition is denied.